CLERK'S OFFICE U.S. DIST. COURT
AT CHARLOTTESVILE, VA
FILED

JUN 29 2011

JULIA C. DUDLEY, CLERK
BY: /s/
    DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
DANVILLE DIVISION

| | |
|---|---|
| DAVID LOWERY, | CASE NO. 4:10CV00047 |
| Plaintiff, | |
| v. | REPORT AND RECOMMENDATION |
| COMMISSIONER OF SOCIAL SECURITY, | |
| Defendant. | By: B. Waugh Crigler<br>U. S. Magistrate Judge |

This challenge to a final decision of the Commissioner which denied plaintiff's February 28, 2007 protectively-filed applications for a period of disability, disability insurance benefits, and supplemental security income ("SSI") under the Social Security Act ("Act"), as amended, 42 U.S.C. §§ 416, 423 and 1381 et seq., is before this court under authority of 28 U.S.C. § 636(b)(1)(B) to render to the presiding District Judge a report setting forth appropriate findings, conclusions and recommendations for the disposition of the case. The questions presented are whether the Commissioner's final decision is supported by substantial evidence, or whether there is good cause to remand for further proceedings. 42 U.S.C. § 405(g). For the reasons that follow, the undersigned will RECOMMEND that an Order enter GRANTING the Commissioner's motion for summary judgment, AFFIRMING the Commissioner's final decision and DISMISSING this action from the docket of the court.

Plaintiff has filed two applications for disability, disability insurance benefits, and SSI. Plaintiff's first applications were filed on March 24, 2004. (R. 11.) Plaintiff alleged a disability onset date of June 6, 2011. (*Id.*) On April 12, 2006, an Administrative Law Judge ("ALJ") found that plaintiff was not disabled because he could perform his past relevant work as a computer technician/instructor and a sales representative/manager. (*Id.*) The Appeals Council

denied plaintiff's subsequent request for review. (*Id.*) On July 21, 2006, plaintiff instituted an action in this court. *See Lowery v. Commissioner of Social Security*, 4:06CV00040. The undersigned rendered a Report recommending that the Commissioner's decision be affirmed, and that the case be dismissed. No objections were filed, and the presiding District Judge adopted the February 15, 2007 Report in its entirety.

Plaintiff filed his second set of protectively-filed applications on February 28, 2007. (R. 11.) He alleged a disability onset date of April 13, 2006, the day following the Law Judge's prior decision. (*Id.*) In a decision issued on August 27, 2009, the Law Judge found that plaintiff had not engaged in substantial gainful activity since April 13, 2006, his alleged disability onset date, and that he remained insured through September 30, 2006[1]. (R. 13.) The Law Judge determined plaintiff suffered the following severe impairments: asymptomatic HIV, essential hypertension, hepatitis C, arthritis, cervical spondylosis, and sleep apnea. (*Id.*) The Law Judge found that that he did not suffer a severe impairment or combination of impairments which met or equaled a listed impairment. (R. 18.) The Law Judge further found that plaintiff retained the residual functional capacity ("RFC") to perform light work with low stress and concluded that this RFC did not preclude plaintiff from performing his past relevant work as a library clerk, computer contractor, and computer lab manager. (R. 19, 23.) Thus, the Law Judge ultimately found plaintiff was not disabled. (R. 23.)

Plaintiff appealed the Law Judge's August 27, 2009 decision to the Appeals Council. (R. 1-3.) The Appeals Council found no basis in the record or in the reasons advanced on appeal to

---

[1] In order to qualify for disability insurance benefits, plaintiff must establish that he became disabled prior to the expiration of his insured status, September 30, 2006. *See* 20 C.F.R. § 404.131(a).

review the decision, denied review, and adopted the Law Judge's decision as the final decision of the Commissioner. (R. 1.) This action ensued.

The Commissioner is charged with evaluating the medical evidence and assessing symptoms, signs and medical findings to determine the functional capacity of the claimant. *Hays v. Sullivan*, 907 F.2d 1453 (4th Cir. 1990); *Shively v. Heckler*, 739 F.2d 987 (4th Cir. 1984). The regulations grant some latitude to the Commissioner in resolving conflicts or inconsistencies in the evidence which the court is to review for clear error or lack of substantial evidentiary support. *Craig v. Chater*, 76 F.3d 585 (4th Cir. 1996). In all, if the Commissioner's resolution of the conflicts in the evidence is supported by substantial evidence, the court is to affirm the Commissioner's final decision. *Laws v. Celebrezze*, 368 F.2d 640 (4th Cir. 1966).

In a brief filed in support of his motion for summary judgment, plaintiff initially argues that the Law Judge erred in finding that he was not entirely credible. (Pl's Brief, pp. 18-23.[2]) Specifically, plaintiff contends that the Law Judge's decision to discount his credibility on the basis that he lives alone and does housework is "irrational" and not supported by the record. (Pl's Brief, p.18.)

There is a two-step process for evaluating subjective complaints. *Craig v. Chater*, 76 F.3d 585 (4th Cir. 1996). The two-step process corresponds with Social Security Ruling ("SSR") 96-7p and the regulations at 20 C.F.R. §§ 404.1529, 416.929. At step one, the Law Judge must determine whether there is objective medical evidence showing the existence of a medical impairment that reasonably could be expected to produce the pain or symptoms alleged. *Craig*, 76 F.3d at 594. At step two, the Law Judge must evaluate the intensity and persistence of the

---

[2] Plaintiff's Memorandum in support of his motion for summary judgment is not paginated. For ease of reference, the undersigned has assigned page numbers to the document.

3

claimant's pain or other symptoms alleged based on all the evidence in the record, including the claimant's testimony. *Id.* at 595. Step two of the credibility analysis involves consideration of the claimant's statements of pain and other alleged symptoms, as well as factors such as: (1) the claimant's daily activities; (2) the location, duration, frequency, and intensity of the pain or other symptoms; (3) precipitating or aggravating factors; (4) the type, dosage, effectiveness, and side effects of medication; (5) treatments, other than medication, received for relief of symptoms; (6) measures used to relieve symptoms; and (7) other factors concerning functional limitations and restrictions caused by symptoms. 20 C.F.R. §§ 404.1529(c)(3), 416.929(c)(3).

At step one in his credibility assessment, the Law Judge found that that plaintiff's medically determinable impairments reasonably could be expected to cause the alleged symptoms. (R. 21.) At step two, the Law Judge found that plaintiff's statements concerning the intensity, persistence and limiting effects of these symptoms were "not credible" to the extent they were inconsistent with the Law Judge's determination of plaintiff's RFC, namely the ability to perform light work with low stress. (*Id.*) For the reasons that follow, the undersigned finds that the Law Judge's determination of plaintiff's credibility is supported by substantial evidence.

A thorough review of the record reveals that plaintiff reported he is able to live alone (R. 55, 196); he spends a couple hours a day on his computer and another couple hours a day watching TV (R. 54, 200); he is able to do basic washing of his clothes (R. 56.); and he is able to drive and go shopping (R. 199). While these activities, in isolation, might not provide substantial support for the Law Judge's credibility determination, his analysis included much more than a mere statement of plaintiff's daily activities. For instance, the Law Judge noted that

plaintiff's overall medical treatment has been routine and conservative in nature, a conclusion well-supported by the medical record. (R. 21.) Although plaintiff has been diagnosed with HIV, the condition is so stable that he is not taking any medication and has declined medical treatment. (R. 21, 49, 299.) Additionally, plaintiff does not require any medication for his hepatitis. (R. 51.)

The undersigned notes that the Law Judge's credibility finding is also supported by the opinions rendered by the State agency record reviewing physicians. For instance, Stuart Solomon, M.D. concluded that plaintiff was only "partially credible." (R. 309.) This finding was corroborated by another record reviewing physician. (R. 354.)

Next, plaintiff contends that the Law Judge erred by discounting the opinions offered by his treating cardiologist, Said Iskandar, M.D. (Pl's Brief, p. 23.) The undersigned disagrees, and finds that the Law Judge's decision to accord less than controlling weight to Dr. Iskandar is supported by substantial evidence.

Under the regulations and applicable circuit decisional authority, a Law Judge and the Commissioner must consider the following in evaluating and weighing medical opinions: "'(1) whether the physician has examined the applicant, (2) the treatment relationship between the physician and the applicant, (3) the supportability of the physician's opinion, (4) the consistency of the opinion with the record, and (5) whether the physician is a specialist.'" *Hines v. Barnhart*, 453 F.3d 559, 563 (4th Cir. 2006) (quoting *Johnson v Barnhart*, 434 F.3d 650, 654 (4th Cir. 2005)).

It is a well-established general principle that the evidence of a treating doctor should be accorded greater weight. *Hunter v. Sullivan*, 993 F.2d 31, 35 (4th Cir. 1992). Yet, when that physician's opinion is not supported by the objective medical evidence or is inconsistent with other substantial evidence, it may be given "significantly less weight." *Craig*, 76 F.3d at 590. Moreover, where the evidence is such that reasonable minds could differ as to whether the claimant is disabled, the decision falls to the Law Judge, and ultimately to the Commissioner, to resolve the inconsistencies in the evidence. *Johnson*, 434 F.3d at 653; *Craig*, 76 F.3d at 589.

Dr. Iskandar, plaintiff's primary treating cardiologist, completed a Cardiac Residual Functional Capacity Questionnaire assessment on April 4, 2009. (R. 460-464.) In that assessment, Dr. Iskandar opined that plaintiff could only sit or stand/walk for less than two hours in an eight-hour workday. (R. 462.) Dr. Iskandar believed plaintiff could occasionally lift less than ten pounds, rarely lift ten to twenty pounds, and could never lift fifty pounds. (R. 463.) The cardiologist determined that plaintiff could never twist and should only occasionally stoop (bend), crouch/squat, climb ladders or climb stairs. (*Id.*) He further determined that plaintiff's impairments were likely to produce "good days" and "bad days," and, on an average, that plaintiff could be expected to miss more than four days a month due to his impairments and treatment. (R. 464.) In sum, Dr. Iskandar's assessment is such that plaintiff was disabled.

The Law Judge addressed Dr. Iskandar's April 4, 2009 assessment and noted that he could not accept the findings contained in the assessment and the ultimate conclusion that plaintiff was disabled. (R. 22.) The undersigned finds that Dr. Iskandar's assessment contains inconsistencies. For example, Dr. Iskandar expressed his opinion that plaintiff's heart failure fell within the New York Heart Association Class I-II. This finding signifies that plaintiff has *no*

limitation in ordinary physical activity or only *mild* symptoms and only *slight* limitation during ordinary activity.[3] Also, the cardiologist's assessment is inconsistent with the other record evidence. Plaintiff's written release from cardiac rehabilitation on May 2, 2008 provides that he reported no complaints of chest pain during the thirty-six rehabilitation sessions he attended from January 29, 2008 through May 2, 2008. (R. 367.) Also, upon release, the discharge plan recommended that plaintiff walk and work in his yard. (*Id.*)

The opinions offered by the State agency record reviewing physicians also belie Dr. Iskandar's opinion that plaintiff was completely disabled. Dr. Solomon determined that plaintiff could perform medium exertional work (R. 303-309), and another State agency record reviewing physician opined that plaintiff could perform light exertional work (R. 348-354).

Finally, plaintiff argues that the Law Judge' RFC finding is inadequate in that it fails to include limitations caused by his diarrhea and the side effects from his medication. (Pl's Brief, p. 24.) Plaintiff asserts that, as a result, the hypothetical question presented to the Vocational Expert ("VE") failed to include all of his impairments. (*Id.*) The undersigned disagrees on the same basis set forth above, namely that the Law Judge's finding that plaintiff could perform light exertional work with low stress is supported by substantial evidence.

"Residual functional capacity" is defined as that which an individual remains able to do despite the limitations caused by the claimant's impairments. 20 C.F.R. §§ 404.1545(a), 416.945(a). The claimant's RFC is addressed at the fourth step in the sequential evaluation,

---

[3] The New York Heart Association "NYHA" Functional Classification is used to classify patients' heart failure according to the severity of their symptoms. The classification system places patients in one of four categories based on the level of limitation they experience during physical activity. American Heart Association, http://www.heart.org/HEARTORG/Conditions/HeartFailure/AboutHeartFailure/Classes-of-Heart-Failure_UCM_306328_Article.jsp (last visited June 27, 2011).

where the burden of proof remains on the claimant. *Young v. Apfel*, 221 F.3d 1065, 1069 n. 5 (8th Cir. 2000); *See Pass v. Chater*, 65 F.3d 1200, 1203 (1995) (holding that the applicant bears the burden of production and proof during the first four steps of the inquiry).

Plaintiff has failed to show that his diarrhea and medication side effects create limitations which should have been included in the Law Judge's RFC finding. Even though plaintiff has alleged that his diarrhea is debilitating, the record also reflects that he failed to pursue recommended treatment for the condition. (R. 294, 297.) Moreover, on February 5, 2007, plaintiff reported he was experiencing no diarrhea. (R. 299.) The undersigned's review of the record reveals only one report that his medication was causing him to vomit (R. 329), and on February 5, 2007, plaintiff reported that he was experiencing no vomiting (R. 299). Finally, plaintiff's treating cardiologist, Dr. Iskandar, noted in his April 4, 2009 assessment that plaintiff's medications have "no implication on working." (R. 462.) On this evidence, alone, the administrative decision-maker reasonably could have discounted any impact claimed by plaintiff resulting from his alleged diarrhea and the effects of his medications.

Approaching from slightly a different angle, plaintiff contends that the hypothetical presented to the VE was legally inadequate. For essentially the same reasons already stated, this argument lacks merit. It is well-established that "'[i]n order for a vocational expert's opinion to be relevant or helpful, it must be based upon a consideration of all other evidence in the record.'" *Johnson*, 434 F.3d at 659 (quoting *Walker v. Bowen*, 889 F.2d 47, 50 (4th Cir.1989)). When the Law Judge posed hypothetical questions to the VE incorporating his RFC finding, the VE responded that plaintiff could return to his past relevant work as a library clerk, computer contractor, and computer lab manager. (R. 64.) Because the Law Judge's determination of


plaintiff's credibility and his assessment of plaintiff's RFC are both supported by substantial evidence, this final argument cannot be sustained. The undersigned finds that the VE's opinion is supported substantial evidence.

For all these reasons, it is RECOMMENDED that an Order enter GRANTING the Commissioner's motion for summary judgment, AFFIRMING the Commissioner's final decision and DISMISSING this case from the docket of the court.

The Clerk is directed to immediately transmit the record in this case to the presiding United States District Judge. Both sides are reminded that pursuant to Rule 72(b) they are entitled to note objections, if any they may have, to this Report and Recommendation within (14) days hereof. Any adjudication of fact or conclusion of law rendered herein by the undersigned not specifically objected to within the period prescribed by law may become conclusive upon the parties. Failure to file specific objections pursuant to 28 U.S.C. § 636(b)(1)(C) as to factual recitations or findings as well as to the conclusions reached by the undersigned may be construed by any reviewing court as a waiver of such objection. The Clerk is directed to transmit a certified copy of this Report and Recommendation to all counsel of record.

ENTERED: _____
U.S. Magistrate Judge

June 29, 2011
Date